**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2832-20

MATTIE HARRELL,

     Plaintiff-Appellant,

v.

AMERICAN FEDERATION
OF STATE, COUNTY AND
MUNICIPAL EMPLOYEES
COUNCIL 63, and
AMERICAN FEDERATION
OF STATE, COUNTY AND
MUNICIPAL EMPLOYEES
COUNCIL 71,

     Defendants-Respondents.

_____

Submitted April 27, 2022 – Decided July 21, 2022

Before Judges Hoffman, Geiger, and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0291-19.

Jacobs & Barbone, PA, attorneys for appellant (Louis M. Barbone and Michael A. Ortiz, Jr., on the brief).

Zazzali, Fagella, Nowak, Kleinbaum & Friedman, attorneys for respondents (Paul L. Kleinbaum, of counsel and on the brief; Sheila Murugan, on the brief).

PER CURIAM

Plaintiff Mattie Harrell appeals from the April 30, 2021 Law Division order granting the summary judgment dismissal of her complaint against defendants American Federation of State, County and Municipal Employees (AFSCME) Councils 63[1] & 71. We affirm.

I.

We derive the following facts from the record. Plaintiff worked as an Executive Director for AFSCME, an international union with over one million members. AFSCME is organized into separate District Councils which coordinate the activities of local AFSCME unions. In New Jersey, AFSCME consisted of four District Councils: 1, 52, 71, and 73. Each District Council served as a subordinate body under the AFSCME International Union and was governed by its own constitution. The District Councils were likewise subject to AFSCME's constitution.

On June 13, 2014, plaintiff was hired as Executive Director of Council 71; after serving just over four years as Executive Director, her employment ended on

---

[1] Plaintiff does not challenge on appeal the dismissal of her claim for breach of employment agreement against Council 63.

June 30, 2018. Plaintiff's terms of employment were governed by her employment contract with AFSCME Council 71.

In January 2017, AFSCME undertook efforts to reorganize the District Councils in New Jersey; several District Councils were found to be fractious and uncoordinated, and it was determined that AFSCME's presence in New Jersey would be better served under a more unified leadership.

Around the same time, District Council 71 passed a mandatory severance policy providing that the Executive Director and Associate Director would be entitled to severance payments in the event of "retirement, resignation, layoff, or the consolidation and/or restructuring of AFSCME District Council 71 or any other council in New Jersey." Under the policy, plaintiff was set to receive $318,816.36 in severance. The policy also provided that

> all of the assets of AFSCME District Council 71 shall be liquidated to satisfy the obligations set forth in this motion. If the liquidated assets are insufficient to fund the obligations, the New Jersey AFSCME entity created following the merger or dissolution will be responsible for funding any remaining financial obligations.

In February 2017, James Howell was appointed administrator of District Councils 1, 52, 71, and 73. AFSCME's International Constitution governed Howell's authority as administrator, and, amongst other things, granted him authority to "assume charge of the affairs and business of [a] subordinate body." In addition,

A-2832-20

Howell's role as administrator provided him authority to take actions that "in the administrator's judgment are necessary for the preservation of the rights and interests of the members of the subordinate body and the International Union."

Later, in March 2017, Howell wrote to plaintiff informing her that Council 71's severance policy had not been properly adopted by the Executive Board and was therefore null and void. Howell informed plaintiff that the policy was of "questionable legality" and would "create[] a financial liability that is well beyond Council 71's means to meet." Howell further explained that the policy would adversely impact Council 71's treasury, as it did not have sufficient cash reserves to make the severance payments. Howell concluded by informing plaintiff that, even if the severance policy was properly adopted, he was exercising his authority as the administrator to revoke the policy.

In March 2017, District Councils 52, 1, 71, and 73 and their Executive Boards were dissolved. In May 2018, the New Jersey Organizing Committee was established to serve as a bridge between the four dissolved District Councils and the creation of Council 63. As a result of the reorganization, the positions of the four Executive Directors, including plaintiff's, were eliminated, and plaintiff subsequently retired. AFSCME agreed to pay plaintiff through May 1, 2017, so she could earn an additional year of pension, and agreed to pay plaintiff for accrued

vacation and sick time capped at 150 hours. However, plaintiff was not paid any severance.

On August 26, 2019, plaintiff brought this action, alleging that defendants breached their contractual obligations "by not following the required procedure for termination." She also alleged that defendants breached the contract "by terminating plaintiff for reasons not permitted under the contract."

At the close of discovery, defendants filed a motion for summary judgment. On April 30, 2021, the motion judge issued an oral opinion concluding there is no genuine issue of material fact. The judge found, as an initial matter, that plaintiff's complaint was improperly plead, as it made no mention of the severance policy. Nevertheless, the judge determined that even if the severance allegation was set forth in the complaint, there is no genuine issue of material fact, as it is undisputed that: 1) the policy was not properly adopted, and 2) Howell possessed authority as Council administrator to revoke the policy.

On appeal, plaintiff raises the following argument:

> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS BECAUSE THERE REMAINED A DISPUTE OF MATERIAL FACT AS TO WHETHER PLAINTIFF WAS CONTRACTUALLY ENTITLED TO ENFORCE AN AWARD OF SEVERANCE PAY UPON TERMINATION.

A-2832-20

II.

We review the trial court's decision granting summary judgment de novo, using "the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). Rule 4:46-2(c) provides that a court should grant summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." "Thus, the movant must show that there does not exist a 'genuine issue' as to a material fact and not simply one 'of an insubstantial nature'; a non-movant will be unsuccessful 'merely by pointing to any fact in dispute.'" Prudential, 307 N.J. Super. at 167 (internal citations omitted).

Self-serving assertions that are unsupported by evidence are insufficient to create a genuine issue of material fact. Miller v. Bank of Am. Home Loan Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015). "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009) (citations omitted). We review the record "based on our consideration

6

of the evidence in the light most favorable to the parties opposing summary judgment." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523 (1995).

We have carefully reviewed the record in light of these legal principles and find no error in the trial court's summary judgment decision.  As the motion judge noted, plaintiff's

> complaint states that defendants breached their contractual obligations to the plaintiff by not following the required procedure for termination. It also states defendants breached their contractual obligations to plaintiff by terminating plaintiff for reasons not permitted under the contract. . . .  There is no specific reference to . . . the breach being a failure to pay severance pay.

Nevertheless, the judge addressed the severance issue, which turned on whether the severance policy was properly adopted and whether James Howell, as Council 71 administrator, possessed authority to revoke the policy.

To start, Howell wrote to plaintiff informing her that the policy was not properly adopted.[2]  Regardless, even assuming the policy was properly adopted, it is

---

[2]   The record lacks any evidence that the subject severance package of over $400,000.00 for plaintiff and one other person was properly approved by the executive board.  In fact, plaintiff faced charges that she "knowingly misled and misrepresented Council 71 authorization of a misguided severance package."  On November 14, 2018, an AFSCME judicial panel determined, "There are enough irregularities identified in the record . . . to conclude that the severance package was not properly approved by the executive board."

undisputed that Howell possessed constitutional authority to take actions necessary to preserve the rights and interests of both international and local union members. Importantly, this authority is left to the "administrator's judgment," granting the administrator discretion to determine what actions are necessary to preserve the rights and interests of members.

In the instant matter, Howell determined that the severance payments would create a financial liability for the union that it would be unable to meet. Indeed, the severance policy contained language expressing that Council 71 would be required to liquidate assets in order to satisfy the severance payments if necessary. Nevertheless, this fact does not negate the express authority possessed by the Council administrator to revoke policies contrary to the best interests of the Council members and the International Union. Howell determined that Council 71 did not have the cash reserves to honor the policy, and that if honored, the New Jersey Organizing Committee's expected revenue would be adversely impacted. Therefore, Howell acted within his authority when he revoked the policy, as he found that the severance payments would create an undue financial burden for AFSCME that it would be unable to meet.

In sum, we agree that there exists no genuine issue of material fact as to whether plaintiff can enforce the severance policy. We therefore affirm the motion judge's decision granting the summary judgment dismissal of plaintiff's complaint.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2832-20